# In the United States District Court
# For the Southern District of West Virginia
# Huntington (Division 3)

|  |  |
|---|---|
| MARY DURSTEIN, | ( No. 3:19-cv-00029 |
| Plaintiff, | ( Memorandum in support of motion of plaintiff Durstein re admission of pleaded facts & waived affirmative defenses, invoking Fed.R.Civ.P. 8 |
| v. |  |
| TODD ALEXANDER, *et al.*, |  |
| Defendants. |  |

### Preliminary Statement

Plaintiff Mary Durstein asks this Court to rule that defendants Todd Alexander and Board of Education, Cabell County Schools ("Cabell Schools") have admitted certain factual statements in the amended complaint as shown in red font in **Exhibit 19**—the only exhibit to the motion that this memorandum supports.

Rule 8 mandates that a defendant admits every factual averment in a complaint that the defendant did not deny in an answer. Fed.R.Civ.P. 8(b)(6).

Each defendant's deadline for filing an answer to the amended complaint elapsed over a month ago, and neither defendant has answered. Neither defendant has complied with Rule 6(b) to justify a later deadline. So each has made the admissions that Rule 8 requires.

Durstein is not positioning herself to seek a default judgment against Alexander or Cabell Schools and she does not expect to seek a default judgment.

Instead, Durstein expects to seek summary judgment after developing more evidence. She would treat the defendants' admissions under Rule 8 as undisputed facts in a future motion for summary judgment or at trial.

### Background relevant to this motion under Rule 8(b)(6)

**1. The parties and the crux of plaintiff Durstein's claims against defendants Cabell County Schools and Todd Alexander.**

Defendant Cabell Schools fired Durstein after more than 15 years teaching there. Cabell fired Durstein based on five politically-charged "tweets" unrelated to Cabell Schools that she had posted on her personal Twitter account while at home over an 18-month period. (Amended Complaint ¶s 84, 24-28, 43-44, ECF 20.)

Durstein claims that the policies upon which Cabell Schools fired her violate the First Amendment on their face and as applied to her tweets. (Amended Complaint ¶s 83-94, ECF 20.)

Defendant Todd Alexander was an Assistant Superintendent at Cabell Schools. Before Durstein was fired, Alexander confronted Durstein with the tweets in a closed-door meeting in the high school principal's office. There, he coerced Durstein into terminating her personal Twitter account using a computer at the principal's desk. Alexander also ordered Durstein not to speak to the press about her tweets or Cabell Schools' employment action against her—while school administrators freely spoke to the press about her and her tweets. Durstein has sued Alexander personally for violating her First Amendment rights. (Amended Complaint ¶s 21-23, 29-41, 58-61, 74-81, ECF 20.)

## 2.     Procedural posture as of the filing of this motion.

Durstein filed her original complaint on January 8, 2019, suing Alexander in his personal capacity only and suing Cabell Schools. (Cmplt, caption & ¶ 6, ECF 1.)

Neither Cabell Schools nor Alexander filed an answer to the complaint, but both moved to dismiss the complaint under Fed.R.Civ.P. 12. (Motions to dismiss original cmplt, ECF 11, 16.)

While those motions to dismiss were pending, Durstein filed an amended complaint as of right under Fed.R.Civ.P. 15. The amended complaint also sued Alexander in his personal capacity only and sued Cabell Schools. (Amended Cmplt, caption & ¶ 6, ECF 20.)

Cabell Schools and Alexander each moved under Rule 12 to dismiss the amended complaint's counts against them. (Motions to dismiss amended cmplt, ECF 26, 28.)

On December 13, 2019, this Court denied Alexander's motion to dismiss. The Court also denied Cabell Schools' motion to dismiss count 4 of the amended complaint, Durstein's chief claim against Cabell Schools. (Order, ECF 56.)

Neither Cabell Schools nor Alexander has filed an answer to Durstein's amended complaint. In their motions to dismiss, Alexander and Cabell Schools each raised certain asserted immunities from suit, which this Court rejected in its order of December 13, 2019. Neither Alexander nor Cabell Schools has appealed.

This Court should rule that Alexander and Cabell Schools have admitted the factual statements highlighted in Exhibit 19 to this motion, and waived whatever affirmative defenses that they have not already raised.[1]

---

[1] Durstein numbered the exhibit as "19" to avoid duplicating the number of any of her prior exhibits.

Page **3** of **8**

Z:\DURSTEIN v. ALEXANDER- S.D. W.Va - Case no. 3-19-cv-00029\015. Durstein motion re Cabell Co. & T. Alexander admitted factual averments - Rule 8(b)(6) - (1-27-20)\003a. Memor. re admitted pleaded facts Rule 8(b)(6) - (1-24-20).docx

**Argument**

1. **A defendant who fails to deny a complaint's allegations of fact automatically admits them under Civil Rule 8.**

Under Rule 8, an "allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed.R.Civ.P. 8(b)(6).

In affirming a judgment against a defendant who did not answer a complaint, the 4th Circuit explained: "The failure to deny an allegation in a pleading to which a responsive pleading is required constitutes an admission of that allegation." North River Insur. Co. v. Stefanou, 831 F.2d 484, 486 (4th Cir. 1987); see W.Va. Laborers Pension Trust Fund v. Elk River Pipeline LLC, No. 2:09-cv-00722, 2011 WL 1299401 at *2 (S.D.W.Va. 2011).

When a litigant moves to dismiss an amended complaint under Rule 12, and the court denies the motion, that litigant must file an answer within 14 days after receiving notice of the court's ruling. Fed.R.Civ.P. 12(a)(4)(A).

Where a court denied a defendant's motion under Rule 12 to dismiss, and the defendant did not file an answer within 14 days—but instead moved for summary judgment—the failure to answer within 14 days "constituted an admission of all of the complaint's factual allegations pursuant to Rule 8(b)(6)." Dunbar v. Prelesnik, No. 16-1374, 2016 WL 11618615 at *2 (6th Cir. 2016).

Such admissions relieve the plaintiff of the "burden . . . to prove its case factually." Dunbar, 2016 WL 11618615 at *2, *quoting* Burlington N. R.R. Co. v. Huddleston, 94 F.3d 1413, 1415 (10th Cir. 1996).

Page **4** of **8**

Z:\DURSTEIN v. ALEXANDER- S.D. W.Va - Case no. 3-19-cv-00029\015. Durstein motion re Cabell Co. & T. Alexander admitted factual averments - Rule 8(b)(6) - (1-27-20)\003a. Memor. re admitted pleaded facts Rule 8(b)(6) - (1-24-20).docx

**2.      A defendant who does not raise an affirmative defense in an answer waives it where he did not raise the defense earlier in the case.**

Rule 8 also requires a defendant to raise his affirmative defenses in his answer. Fed.R.Civ.P. 8(c). If the defendant has not earlier raised an affirmative defense, failing to raise the defense in an answer waives it.

The 4th Circuit has explained that "it is a frequently stated proposition of virtually universal acceptance by the federal courts that a failure to plead an affirmative defense as required by Federal Rule 8(c) results in the waiver of that defense and its exclusion from the case." Suntrust Mtge, Inc. v. United Guaranty Resid. Ins. Co., 508 Fed.Appx. 243, 252, 2013 WL 388040 at *8 (4th Cir. 2013) (quoting 5 Fed. Prac. & Proc. Civ. § 1278, 3d ed. 2012; quotation marks omitted).

**3.      Defendants Alexander and Cabell Schools have admitted the factual statements in Durstein's amended complaint and waived affirmative defenses not yet raised.**

Here, defendants Alexander and Cabell Schools had 14 days after this Court's order of December 13, 2019, to answer the counts in the amended complaint that survived defendants' motions to dismiss.

Rule 12 required Alexander and Cabell Schools to file their answers by December 27, 2019. But as of a month later, neither has filed an answer and neither has satisfied the requirements of Rule 6(b) to extend the December 27 deadline.

Therefore, Alexander and Cabell Schools have admitted the factual statements in Durstein's amended complaint as they pertain to every paragraph except those in the counts that the Court has dismissed. Fed.R.Civ.P. 8(b)(6).

Also, by not answering the amended complaint, Alexander and Cabell Schools have waived all affirmative defenses that they have not already raised in their motions to dismiss. Fed. R. Civ. P. 8(c).

### Conclusion

Invoking Rule 8, Durstein asks the Court to affirm in an order the following:

• Rule 12 required defendants Alexander and Cabell Schools to answer the amended complaint on December 27, 2019;

• As of January 27, 2020, neither defendant has answered the amended complaint or complied with Rule 6(b) to extend the December 27 deadline;

• Under Rule 8(b)(6), defendants Alexander and Cabell Schools have admitted the factual statements shown in red font in the only exhibit accompanying Durstein's motion here—**Exhibit 19**;

• Under Rule 8(c), defendants Alexander and Cabell Schools were required to raise whatever affirmative defenses they had in an answer to the amended complaint;

• Alexander and Cabell Schools did raise some defenses in moving to dismiss the counts against them. But if either defendant has any other affirmative defenses, each has waived the right to invoke those other affirmative defenses by not answering the amended complaint.

As Durstein said in the preliminary statement, she does not expect to seek a default judgment against either defendant. She expects to use the admissions that are the subject of this motion as undisputed facts in later moving for summary judgment or at trial, saving the time and expense of the discovery that otherwise would be needed to establish them.

Page **6** of **8**

Z:\DURSTEIN v. ALEXANDER- S.D. W.Va - Case no. 3-19-cv-00029\015. Durstein motion re Cabell Co. & T. Alexander admitted factual averments - Rule 8(b)(6) - (1-27-20)\003a. Memor. re admitted pleaded facts Rule 8(b)(6) - (1-24-20).docx

Respectfully submitted,

| | |
|---|---|
| /s Michael S. Bailey | /s David Marburger |
| Michael S. Bailey (W.Va. Bar No. 8507) | David Marburger |
| BAILEY LEGAL SERVICES PLLC | MARBURGER LAW LLC |
| 642 Main Street, Suite 201 | 14700 Detroit Avenue, Suite One |
| P.O. Box 347 | St. Charles Court |
| Barboursville, WV  25504 | Cleveland, OH  44107 |
| Tel:  304.736.0801 | Tel:  216.930.0500 |
| Fax:  304.736.0805 | Email:  david@marburger-law.com |
| Email:  mbailey@baileylegalservices.com | |
| | *Of Counsel for Mary Durstein* |
| *Counsel for Mary Durstein* | |

Z:\DURSTEIN v. ALEXANDER- S.D. W.Va - Case no. 3-19-cv-00029\015. Durstein motion re Cabell Co. & T. Alexander admitted factual averments - Rule 8(b)(6) - (1-27-20)\003a. Memor. re admitted pleaded facts Rule 8(b)(6) - (1-24-20).docx

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiff, Mary Durstein, served the foregoing Memorandum in support of motion re Rule 8(b)(6) by electronically filing a copy of the same with the Clerk of the Court using the CM/ECF system on this 28th day of January, 2020 to:

Kelli D. Talbott
Senior Deputy Attorney General
Office of the W. Virginia Attorney General
812 Quarrier Street, Second Floor
Charleston, W. Virginia  25301
Tel:  304.557.8989
Fax:  304.558.4509
Email:  kelli.d.talbott@wvago.gov

*Counsel for State Superintendent of Schools, W. Virginia Dept. of Education*

Perry W. Oxley
David E. Rich
Eric D. Salyers
Oxley Rich Sammons
517 9th Street, P.O. Box 1704
Huntington, W. Virginia 25718-1704
Tel:  304.522.1138
Fax:  304.522.9528
Email: poxley@oxleylawwv.com
Email:  drich@oxleylawwv.com
Email:  esalyers@oxleylawwv.com

*Counsel for Todd Alexander & Cabell County Board of Education*

/s David Marburger
David Marburger