IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MARY DURSTEIN,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　**Case No. 3:19-cv-00029**

**TODD ALEXANDER, et al.,**

    **Defendants.**

### MEMORANDUM OPINION and ORDER

Pending is Plaintiff's Motion for a Protective Order related to the depositions of Dr. Majed Khader and Yazan Khader. (ECF No. 158). The defendants and third-party deponents were given an opportunity to respond to the Motion. The Khaders filed a memorandum and amended memorandum in opposition to the Motion, (ECF Nos. 165, 166), while the defendants did not take a position for or against the requested protective order. Plaintiff filed a reply memorandum addressing the arguments of the Khaders. (ECF No. 167). Having now considered the memoranda, the Court **GRANTS** the Motion for Protective Order.

Parties to a civil action have the right to conduct discovery regarding "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this

scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The federal discovery rules are given a broad and liberal construction. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979). As such, even when it appears that a witness has little information to share, so long as the information is relevant and proportional, and is not privileged, a party has a right to take that witness' deposition. Indeed, on many occasions, the goal of the deposition is simply to confirm on the record that the deponent has little or no recollection regarding certain events.

In this case, Dr. Majed Khader and Yazan Khader contend that they have no knowledge of the central issues in dispute and have very limited recollection of the events and documents about which they have been called to testify. They do not object to providing what little information they have, but ask that their testimony be submitted via affidavit rather than deposition. While the Court understands the preference of the Khaders to provide affidavits rather than deposition testimony, the Court does not select the method of discovery utilized by a party. Consequently, if Plaintiff prefers a deposition over an affidavit, then she has the right to subpoena Dr. Khader and Yazan Khader and proceed with their depositions. This is true notwithstanding the Khaders' lack of involvement in the matters in controversy, their limited knowledge, and the availability of other modes of discovery.

With respect to the circumstances surrounding the depositions, Plaintiff is entitled to exclude observers from attending the proceedings. "[P]retrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law … and, in general, they are conducted in private as a matter of modern practice." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 (1984) (citations omitted). In other words, a member of the public—which includes anyone who is not the

witness, a party, or an attorney representing the witness or a party—has no right to observe or attend a deposition. Furthermore, only the witness being deposed is permitted to answer the questions asked by attorneys. The purpose of a deposition is to obtain the untainted and unprompted testimony of the individual being questioned.

For these reasons, the Court **ORDERS** Dr. Majed Khader and Yazan Khader to appear for deposition pursuant to subpoenas issued by Plaintiff and further **ORDERS** that members of the public shall be excluded from attending the depositions of Dr. Majed Khader and Yazan Khader. Counsel for Plaintiff is encouraged to find a convenient place and time for the reconvened depositions.

The Clerk is instructed to provide a copy of this Order to counsel of record and to Michael A. Davenport, counsel for Dr. Majed Khader and Yazan Khader.

**ENTERED:** February 28, 2022

Cheryl A. Eifert
United States Magistrate Judge